IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **STEVEN WAYNE QUICK, ID # 1243617,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:20-CV-3005-L-BH |
| ) | |
| **CHRISTOPHER CASTANON,** ) | Referred to U.S. Magistrate Judge[1] |
| **Defendant.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this *pro se* prisoner case should be **DISMISSED** under 28 U.S.C. § 1915(g) unless the plaintiff timely pays the requisite filing fee.

**I. BACKGROUND**

For at least the fourth time, Steven Wayne Quick (Plaintiff), a prisoner in the Boyd Unit of the Texas Department of Criminal Justice, again sues his former criminal defense attorney. (*See* doc. 3.) He claims the attorney obstructed justice by withholding testimonial evidence concerning Plaintiff's innocence during the criminal proceedings against him, and he seeks to have criminal charges brought against the attorney. (*See id.*) No process has been issued.

**II. THREE STRIKES**

As a prisoner in the Texas prison system seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are

---

[1]By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening.

in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff's current filing falls under the PLRA "three-strikes" provision because he has previously had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Quick v. Paris,* No. 3:20-CV-1096-K-BN, 2020 WL 2543876 (N.D. Tex. May 4, 2020), *rec. adopted*, 2020 WL 2543302 (N.D. Tex. May 19, 2020) (citing *Quick v. Anderson,* No. 3:06-CV-2096-G, 2006 WL 3626968, *1 (N.D. Tex. Dec. 13, 2006) (dismissing case as barred by three-strikes provision because Plaintiff had filed seven prior civil actions that were dismissed as frivolous while he was a prisoner). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

## II.  IMMINENT DANGER

The Fifth Circuit has held that a plaintiff barred by three strikes must show "imminent danger at the time that he seeks to file his suit" in order to proceed without prepayment of fees. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *accord*, *Choyce v. Dominguez,* 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *see also Ruston v. Continental Motel*, 2003 WL 2294680, slip op. at *2 (N.D. Tex. Feb. 28, 2003) (holding that Ruston had not shown imminent danger of serious physical injury where his allegations concerned incidents that occurred after the initial filing). Conclusory allegations are insufficient to demonstrate imminent danger of serious physical harm. *See Smith v. Blount*, 258 F. App'x 630 (5th Cir. 2007) (*per curiam*) (citing *Banos*, 144 F.3d at 885); *see also Canady v. Roesler*, 668 F. App'x 642 (5th Cir. 2016)(*per curiam*)(finding conclusional assertion in an affidavit that the plaintiff had been harassed and prevented from

practicing his religion, pushed in the chest by an officer two years before, and yelled at by another officer two months before he filed his complaint insufficient to establish imminent danger at the time he sought to file his complaint); *Morgan v. Fischer*, No. 9:11cv98, 2011 WL 4457667, at *3 (E.D. Tex. July 21, 2011), *rec. adopted*, 2011 WL 4436229 (E.D. Tex. Sept. 23, 2011) (finding that the plaintiff's allegations of harm were entirely conclusory, and that courts have routinely held that general allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)) (collected cases omitted).

Here, Plaintiff does not even allege that he is in imminent danger of serious physical injury. Because he has not shown that he is in imminent danger of serious physical injury, he may not proceed with this action without prepayment of fees under § 1915(g).

### III.  RECOMMENDATION

The plaintiff's claims should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g) unless he pays the full filing fee of $400.00[2] within the time for objecting to this recommendation, or by some other deadline set by the Court.  The plaintiff should also be **WARNED** that if he continues to file civil actions without prepaying the filing fee or making a showing of imminent danger, he could be subject to sanctions, up to and including monetary sanctions payable to the Court.

**SIGNED this 1st day of October, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE