IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN WAYNE QUICK,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:20-CV-3005-L-BH** |
| | § | |
| **CHRISTOPHER CASTANON,** | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

On October 1, 2020, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 3) was entered, recommending that this habeas action be dismissed without prejudice under 28 U.S.C. § 1915(g) unless Petitioner pays the requisite filing fee within the time for filing objections to the Report because he has not alleged or established that he is in imminent danger of serious physical injury. The Report further recommends that: "The plaintiff should also be WARNED that if he continues to file civil actions without prepaying the filing fee or making a showing of imminent danger, he could be subject to sanctions, up to and including monetary sanctions payable to the Court." Report 3. As of the date of this order, Petitioner had not paid the filing fee or filed objections to the Report.

Having considered Petitioner's petition (Doc. 2), the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action under 28 U.S.C. § 1915(g). **Further, the court warns Plaintiff that he could be sanctioned if he**

**Order – Page 1**

**continues to file civil actions without prepaying the filing fee or making a showing of imminent danger**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case. In the event a notice of appeal if filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 29th day of October, 2020.

Sam A. Lindsay
United States District Judge

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.